# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THE BANK OF NEW YORK MELLON,

           Plaintiff,

vs.

SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; SIERRA RANCH HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation,

           Defendants.

Case No.: 2:18-cv-00309-GMN-NJK

**ORDER**

Pending before the Court is Defendant SFR Investment Pool 1, LLC's ("SFR's") Motion to Dismiss the Complaint, (ECF No. 13). Plaintiff Bank of New York Mellon ("Plaintiff") filed a Response, (ECF No. 14), and SFR filed a Reply, (ECF No. 15).[1] For the reasons discussed below, the Court **DENIES** SFR's Motion.

## I.    BACKGROUND

This case arises from the non-judicial foreclosure of real property located 5956 Feral Garden Street, Las Vegas, Nevada 89031 (the "Property"). (*See* Deed of Trust at 5, Ex. 1 to Compl., ECF No. 1-2); (Compl. ¶ 2 at 2, ECF No. 1). In 2006, Isabel Rivera and Rolando Perez ("Borrowers") purchased the Property with a loan in the amount of $216,848.00, secured by a deed of trust (the "DOT"). *(*Compl. ¶ 1 at 3, ECF No. 1). Plaintiff gained beneficial interest in the DOT through an assignment recorded on January 14, 2011. (*See id.* ¶ 4).

---

[1] Also pending before the Court is Defendant Sierra Ranch Homeowners Association's ("HOA's") Motion to Dismiss the Complaint, (ECF No. 19). On September 19, 2018, the Court granted Plaintiff and HOA's Stipulation to Dismiss HOA, (ECF No. 33). Accordingly, the Court denies HOA's Motion to Dismiss as moot.

Upon Borrowers' failure to stay current on their payment obligations, Leach, Johnson, Song & Gruchow, as an authorized agent of the homeowners' association for the Property (Sierra Ranch Homeowners Association) ("HOA"), initiated foreclosure proceedings and sold the Property at public auction on May 22, 2014. (*See id.* ¶¶ 3–7).

According to Plaintiff, however, Plaintiff's servicing agent tendered the outstanding lien amount to the HOA or its agents prior to the Property's foreclosure sale, "thereby satisfying any amount which may have held priority over Plaintiff's DOT. (*Id.* ¶ 8). Plaintiff accordingly filed the instant Complaint on February 19, 2018, asserting one claim for declaratory relief: quiet title. (*Id.* ¶¶ 20–21, 30–42). In that claim, Plaintiff seeks a declaration that the Property's foreclosure sale did not extinguish Plaintiff's DOT, and thus the DOT continues to encumber the Property. (*Id.*). On April 20, 2018, SFR filed its Motion to dismiss Plaintiff's sole claim, arguing that the applicable statute of limitations under Nevada law renders the claim untimely. (SFR's Mot. Dismiss. ("MTD") 2:3–15, ECF No. 13).

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. <u>DISCUSSION</u>

SFR moves to dismiss Plaintiff's quiet title claim as time-barred under a three-year statute of limitations period pursuant to Nevada Revised Statute ("NRS") 11.190(3)(a). (SFR's MTD 6:17–8:16, ECF No. 13). That statute applies to actions based "upon a liability created by statute." NRS 11.190(3)(a). In response, Plaintiff argues that NRS 11.190(a)(3) is inapplicable to its quiet title claim because Plaintiff only seeks "judicial review of the facts and statutes at play in the HOA Sale in order to obtain a declaration as to its lien status." (Resp. 3:20–4:8, ECF No. 14). The Court agrees with Plaintiff for the reasons discussed below.

Courts in this District, interpreting Nevada law, apply either a four or five-year limitations period to a lender's quiet title action, triggered by the HOA foreclosure sale or its recordation. *U.S. Bank Nat'l Ass'n v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00576-GMN-NJK, 2019 WL 303004, at *4 (D. Nev. Jan. 22, 2019); *Wilmington Tr., Nat'l Ass'n v. Royal Highlands St. & Landscape Maint. Corp.*, No. 2:18-cv-00245-JAD-PAL, 2018 WL 2741044, at *2 (D. Nev. June 6, 2018). *See also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank*, 388 P.3d 226, 232 (Nev. 2017); *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016). Moreover, a three-year statute of limitations under NRS 11.190(3)(a) does not apply to a lender's quiet title claim when the claim is substantively based on a court's equitable power to settle title disputes, rather than on liability created by statute.

*See Ocwen Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:17-cv-01757-JAD-VCF, 2018 WL 2292807, at *3 (D. Nev. May 18, 2018) (citing *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*, 336 P.3d 1105 (Nev. 2016)).

Here, Plaintiff's quiet title claim against SFR focuses on the Court's inherent equitable power to settle title disputes—which exists independent of statute. (*See* Compl. ¶¶ 18, 20–21, 31, 38, ECF No. 1). Plaintiff's quiet title claim thus is not governed by a three-year statute of limitations under NRS 11.190(3)(a). Because the foreclosure at the heart of this case occurred on May 22, 2014, and Plaintiff filed its Complaint roughly three years and nine months later, Plaintiff's quiet title claim is not time-barred. (*See* Compl. at 8, ECF No. 1) (filed on February 19, 2018). SFR's Motion to Dismiss therefore fails, and Plaintiff's claim remains viable.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motion to Dismiss, (ECF No. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that HOA's Motion to Dismiss, (ECF No. 19), is **DENIED as moot**.

**DATED** this __25__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court