**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:18-cv-00309-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| SFR INVESTMENTS POOL 1, LLC, a | ) |
| Nevada limited liability company; SIERRA | ) |
| RANCH HOMEOWNERS ASSOCIATION, a | ) |
| Nevada non-profit corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is Plaintiff Bank of New York Mellon's ("BNYM's") Motion for Summary Judgment, (ECF No. 38). Defendant SFR Investments Pool 1, LLC ("SFR") filed a Response, (ECF No. 42), and BNYM filed a Reply, (ECF No. 44).

Also pending before the Court is SFR's Motion for Summary Judgment, (ECF No. 40). BNYM filed a Response, (ECF No. 41), and SFR filed a Reply, (ECF No. 43).

For the reasons discussed below, the Court **GRANTS** SFR's Motion and **DENIES** BYNM's.

**I.     BACKGROUND**

This case arises from the non-judicial foreclosure sale of real property located at 5956 Feral Garden Street, North Las Vegas, Nevada 89031 (the "Property"). On June 28, 2006, Isabel Rivera and Rolando Perez (collectively, "Borrowers") purchased the Property by way of a loan in the amount of $216,848.00 secured by a deed of trust ("DOT"), naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, recorded on July 12, 2006. (*See* DOT, Ex. 1 to Req. J. Notice, ECF No. 39-1). BNYM gained a beneficial interest in the

DOT through an assignment recorded on June 11, 2010. (*See* Assignment, Ex. 2 to Req. J. Notice, ECF No. 39-2).

Borrowers filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the District of Nevada on October 31, 2010. (*See* Bankr. Dkt., Ex. A to BNYM's MSJ, ECF No. 38-1). During the pendency of the bankruptcy case, upon Borrowers' failure to stay current on their payment obligations, Kirby C. Gruchow, Jr. ("Agent"), as the authorized agent of Sierra Ranch Homeowners Association ("HOA"), initiated foreclosure proceedings by recording a notice of delinquent assessment lien on August 15, 2011. (*See* Notice of Delinquent Assessment Lien, Ex. 3 to Req. J. Notice, ECF No. 39-3). Prior to taking the remaining steps required for foreclosure, Agent filed a Motion for Relief from the Automatic Stay, which the Bankruptcy Court granted on November 22, 2011. (*See* Bankr. Dkt., Dkt. Nos. 54, 59). Agent subsequently recorded a notice of default and election to sell on January 24, 2012. (Notice of Default, Ex. 4 to Req. J. Notice, ECF No. 39-4). Agent then recorded a notice of foreclosure sale on May 9, 2013 and proceeded to sell the Property to SFR at the non-judicial foreclosure sale on June 16, 2014. (*See* Notice of Sale and Foreclosure Deed, Exs. 5–6 to Req. J. Notice, ECF Nos. 39-4–39-5). SFR recorded its foreclosure deed on June 17, 2014. (*See* Foreclosure Deed).

On February 19, 2018, BNYM filed its Complaint, which asserts only a claim for quiet title based on HOA's alleged violation of the automatic bankruptcy stay. (*See* Compl., ECF No. 1).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that

may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute,

the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

BNYM moves for summary judgment, arguing that the foreclosure sale was void because Agent filed HOA's notice of delinquent assessment lien prior to receiving relief from the automatic stay. (BNYM's MSJ 4:21–6:11). SFR seeks summary judgment on BNYM's quiet title claim, arguing that: (1) BNYM's claim is time-barred; and (2) the foreclosure sale conclusively extinguished BNYM's DOT. (SFR's MSJ 8:13–23:5). The Court first addresses BNYM's motion because BNYM does not contest that the foreclosure sale extinguished its DOT unless the Court concludes that the sale is void because it violated the bankruptcy stay.

### A. Standing

In Response to BNYM's Motion, SFR argues that BNYM does not have standing to challenge violations of the automatic stay pursuant to 11 U.S.C. § 362. (SFR's Resp. to

BNYM's MSJ 4:7–12:27, ECF No. 42). BNYM replies that it has standing as a creditor of the bankruptcy petitioner. (BNYM's Reply 4:24–5:17, ECF No. 44).

Courts in this District have repeatedly held that DOT holders do not have standing to challenge violations of the automatic stay solely from their status as creditors of the bankruptcy petitioner whose property is encumbered by the DOT. *See Bank of N.Y. Mellon v. Nev. Ass'n Servs.*, No. 2:17-cv-00022-GMN-BNW, 2020 U.S. Dist. LEXIS 35017, 2020 WL 1018552, at *7 (D. Nev. Mar. 2, 2020); *Bank of N.Y. Mellon v. Terra Bella Owners Ass'n*, No. 2:16-cv-00549-APG-NJK, 2019 U.S. Dist. LEXIS 210054, 2019 WL 6529036, at *4–*5 (D. Nev. Dec. 4, 2019); *Bank of N.Y. Mellon v. Hill*, 2:17-cv-01916-RFB-EJY, 2019 U.S. Dist. LEXIS 168404, 2019 WL 4781838, at *3 (D. Nev. Sept. 30, 2019); *Bank of N.Y. v. Pomeroy*, No. 2:17-cv-00939-RFB-NJK, 2019 U.S. Dist. LEXIS 54981, 2019 WL 1429612, at *4, (D. Nev. Mar. 30, 2019); *In re Barrett*, No. 08-13570-MKN, 2019 Bankr. LEXIS 1186, 2019 WL 5884234, at *8 n.15 (D. Nev. Bankr. Mar. 25, 2019); *Wells Fargo Bank, NA v. SFR Invs. Pool 1, LLC*, No. 3:17-cv-00332-LRH-WGC, 2019 U.S. Dist. LEXIS 29697, 2019 WL 919586, at *4–*5 (D. Nev. Feb. 25, 2019); *Nationstar Morg., LLC v. SFR Inv. Pool 1, LLC*, No. 2:16-cv-00703-MMD-GWF, 2019 U.S. Dist. LEXIS 7526, 2019 WL 236713, at *3 (D. Nev. Jan. 15, 2019); *U.S. Bank Nat'l Ass'n v. Heritage Estates Homeowners Ass'n*, No. 2:16-cv-01385-GMN-CWH, 2018 U.S. Dist. LEXIS 164866, 2018 WL 4623151, at *4 (D. Nev. Sept. 26, 2018); *U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC,* No. 2:15-cv-1527-JCM-CWH, 2018 U.S. Dist. LEXIS 111819, 2018 WL 3312980, at *7 (D. Nev. July 5, 2018) (vacated on other grounds); *Bank of N.Y. Mellon v. K&P Homes, LLC*, No. 2:16-cv-01306-RFB, 2017 U.S. Dist. LEXIS 166813, 2017 WL 4516567, at *1–*2 (D. Nev. Oct. 6, 2017).

"The automatic stay provisions of the bankruptcy code are designed to protect debtors only, and do not afford non-parties to the bankruptcy case any rights." *Bergsrud v. Bank of Am., N.A.*, No. 2:13-cv-998-JCM-VCF, 2014 U.S. Dist. LEXIS 20461, 2014 WL 664662, at *3 (D.

Nev. Feb. 19, 2014); *in re Franck*, No. 92-36665, 19 U.S. App. LEXIS 5461, 1994 WL 93169, at *3 (9th Cir. Bankr. Mar. 23, 1994) ("the fact that individual creditors might incidentally benefit from the automatic stay or be injured in some way by its violation does not give those creditors standing under the Bankruptcy Code to bring an action claiming the stay was violated."); *In re Pecan Groves of Arizona*, 951 F.2d 242, 245 (9th Cir. 1991) ("[S]ection 362 is intended solely to benefit the debtor estate."). Accordingly, because BNYM's only alleged relationship with the bankruptcy proceedings is that debtor-Borrowers also possess an interest in the Property for which BNYM seeks to quiet title, BNYM does not have standing to assert its lone theory for relief. (*See* Compl. ¶¶ 32–33). Given SFR purchased the Property upon HOA's foreclosure on the superpriority portion of its lien, which was senior to BNYM's DOT, the Court concludes that SFR's title is unencumbered by BNYM's DOT.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BNYM's Motion for Summary Judgment, (ECF No. 38), is **DENIED**.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 40), is **GRANTED**.

The Clerk of Court shall close the case and enter judgment accordingly.

**DATED** this __19__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court